CRESCENT MANUFACTURING COMPANY v. JULIUS KLEMPNER.

Decided March 24, 1924.

**New Trial—Newly Discovered Evidence—Such Evidence Must Be of a Nature That it Was Not Reasonably Available at First Trial—What Books Are Competent Evidence to Establish Book Account.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *John L. Heher* and *Aaron V. Dawes.*

*Contra, Scammell & Besore.*

PER CURIAM.

This was an action brought to recover on a book account for goods, wares and merchandise alleged to have been sold by the plaintiff to the defendant. The defense was that a part of the goods covered by the account had never been delivered. The trial resulted in a verdict in favor of the plaintiff. Upon the allowance of this rule leave was granted to the defendant to take testimony upon a representation that such testimony was "newly-discovered evidence."

The first ground upon which we are asked to make the present rule absolute is that the court improperly admitted in evidence the books of account of the plaintiff corporation, counsel claiming that these books were not competent evidence because of the fact that certain memorandum slips or merchandise credits were not also produced. This fact, however, does not render the books incompetent as evidence (*Oberg* v. *Breen*, 50 *N. J. L.* 146), but merely goes to the credit to be given to them.

It is further contended that the verdict was against the weight of the evidence submitted on the trial. Our examination of the testimony in the cause satisfies us that this contention is without merit and that on the evidence then submitted the finding of the jury for the full amount of the plaintiff's claim was justified.

Lastly, it is argued that the evidence taken under the permission granted in the rule to show cause makes it plain that a considerable part of the plaintiff's claim was without legal justification; in other words, that the defense set up in the answer was shown by this testimony to be true. The defendant, however, is not entitled to have this testimony considered under the present rule. A new trial will not be granted upon evidence alleged to be newly discovered, but the existence of which could have been ascertained by the exercise of reasonable diligence before the case was moved for trial. *Servis* v. *Cooper*, 33 *N. J. L.* 68; *Dundee Mfg. Co.* v. *Van Riper*, *Id.* 152. There has been no attempt to show in the present case that this so-called newly-discovered evidence was not available at the trial; that it could not

have been readily discovered by the use of due diligence before the trial took place. On the contrary, a reading of it justifies the conclusion that the opposite was the fact. In this situation the court will not interfere with the verdict upon the ground now urged.

The rule to show cause will be discharged.